**FILED**

FEB 1 4 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DARIUS WILLIAM LI CHUNG,<br><br>Defendant. | No. CR 12-00047 PJH (DMR)<br>No. CR 4-12-70017 MAG (DMR)<br><br>DETENTION ORDER |

## I. DETENTION ORDER

Defendant Darius William Li Chung is charged in an indictment with the following violations of federal law: 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vii) (manufacture 100 or more marijuana plants); 21 U.S.C. §§ 841(a)(1) and (b)(1)(D) (possession with intent to distribute marijuana); 21 U.S.C. § 856 (maintaining a drug-involved premises); 18 U.S.C. § 922(g)(1) (felon in possession of firearms and ammunition); and 18 U.S.C. § 924(c)(1)(A)(i) (possession of a firearm in relation to a drug trafficking crime). Mr. Chung is also charged in an indictment pending in the Northern District of Alabama. That indictment charges Mr. Chung with violations of 21 U.S.C. § 846 (conspiracy to distribute marijuana); 21 U.S.C. § 841(a)(1) (distribution of

DETENTION ORDER
CR-12-00047 PJH (DMR
CR 12-70017 MAG (DMR)                                    1

marijuana); and 21 U.S.C. § 843(b) (use of a communication facility to commit a felony).

The United States moved for Mr. Chung's detention in both matters, and asked for a detention hearing as permitted by 18 U.S.C. § 3142(f). Pretrial Services prepared a full bail study. On February 2, 2012, counsel jointly requested a postponement of the detention hearing in order to engage in discussions that included prosecutors in the Northern District of Alabama. On February 14, 2012, Defendant submitted the matter, and waived the timing of his right to proffer information in support of his pretrial release. *See* 18 U.S.C. § 3142(f) (a defendant has the right at a section 3142(f) hearing, with the assistance of counsel, to testify, to present witnesses, to cross-examine adverse witnesses, and to present information by proffer or otherwise).

## II.  CONCLUSION

Based on the information currently available, the court finds clear and convincing evidence that Mr. Chung presents a danger to the community, and that no condition or combination of conditions in 18 U.S.C. § 3142(c) will reasonably assure the safety of any other person or the community. 18 U.S.C. § 3142(e) and (f); *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985). Because Defendant waived the timing of his right to present information under 18 U.S.C. § 3142(f) without prejudice, the Court orders that the hearing may be rescheduled at Defendant's request.

Mr. Chung shall remain committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

DETENTION ORDER
CR-12-00047 PJH (DMR
CR 12-70017 MAG (DMR)                    2

1  IT IS SO ORDERED.

4  DATED: February 14, 2012

_____
DONNA M. RYU
United States Magistrate Judge

DETENTION ORDER
CR-12-00047 PJH (DMR
CR 12-70017 MAG (DMR)                      3